UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| LAVERN BALTIMORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:19-cv-00566-JMS-DLP |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Dismissing Petition for a Writ of Habeas Corpus**

Plaintiff Lavern Baltimore filed a 28 U.S.C. § 2254 petition on November 22, 2019, challenging his 2006 Indiana convictions for burglary and sexual battery. Mr. Baltimore's petition is untimely under 28 U.S.C. § 2244(d) and therefore must be dismissed.

**I. Background**

Mr. Baltimore broke into his neighbors' apartment at 2:00 a.m. and grabbed a woman by the neck before placing his hands under her shorts and on her breasts. *Baltimore v. State*, 878 N.E.2d 253, 255−56 (Ind. Ct. App. 2007). A jury convicted him of burglary and sexual battery, and the trial court sentenced him to an aggregate 53-year prison term. *Id.* at 256. Mr. Baltimore appealed, and the Indiana Court of Appeals affirmed. *Id.* at 262. On February 22, 2008, the Indiana Supreme Court denied his petition to transfer. Dkt. 11-1 at 6. Mr. Baltimore did not petition for a writ of certiorari in the United States Supreme Court. Dkt. 6 at 2.

On August 31, 2011, Mr. Baltimore filed a petition in state court for post-conviction relief. Dkt. 11-8. The trial court summarily denied the petition, but the Indiana Court of Appeals reversed and remanded for further proceedings. *Baltimore v. State*, 2013 WL 989121, at *3 (Ind. Ct. App. Mar. 13, 2013). On remand, the trial court again denied relief. This time, the Indiana Court of

Appeals affirmed. *Baltimore v. State*, 2019 WL 3820281, at *6 (Ind. Ct. App. Aug. 15, 2019). On October 24, 2019, the Indiana Supreme Court denied his petition to transfer.

On November 22, 2019, Mr. Baltimore filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Dkt. 6.

## II. Applicable Law

Except in unusual circumstances not alleged here, *see* 28 U.S.C. § 2244(d)(2)−(4), a state prisoner has one year to file a 28 U.S.C. § 2254 petition for a writ of habeas corpus after the conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The one-year limitation period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## III. Discussion

The Indiana Supreme Court denied Mr. Baltimore's leave to transfer on direct appeal on February 22, 2008. His conviction became final on May 22, 2008, the last day for filing a timely petition for writ of certiorari in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). He then had until May 22, 2009, to file a timely § 2254 petition. Mr. Baltimore's post-conviction proceedings did not toll the limitation period because he filed his post-conviction petition after May 22, 2009. And Mr. Baltimore filed his § 2254 petition in November 2019, more than 10 years late. The following table summarizes the relevant dates:

| Conviction Final | July 9, 2012 | 365 days left in limitation period |
| Federal Habeas Petition Due | July 9, 2013 | 0 days left in limitation period |
| State Post-Conviction Filed | January 27, 2014 | 202 days beyond limitation period |
| Federal Habeas Petition Filed | September 5, 2019 | 2,249 days beyond limitation period |

Mr. Baltimore asserts that he "would have met the deadline if it weren't for the fact that this facility (WVCF) only allow[s] inmates to go to the law library once per week for two hours at a time." Dkt. 13 at 2. He further asserts that he is "[unable] to comprehend the complexity of the law." *Id.* Read in the light most favorable to Mr. Baltimore, these statements form an argument for equitable tolling.

"A petitioner 'is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Mr. Baltimore's lack of understanding the law is not an extraordinary circumstance. *See Davis v. Humphreys*, 747 F.3d 497, 500 (7th Cir., 2014) ("[Prisoners' shortcomings of knowledge about the AEDPA or the law of criminal procedure in general do not support tolling."). And Mr. Baltimore has failed to explain why two hours per week of law library access was insufficient for him to file his § 2254 petition between May 22, 2008, and May 22, 2009. Equitable tolling therefore does not apply, and Mr. Baltimore's petition must be **dismissed** as untimely.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petition on procedural grounds, the petitioner must also show that reasonable jurists could disagree about the court's procedural ruling. *Peterson v. Douma*, 751 F.3d 524, 530−31 (7th Cir. 2014).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Baltimore's petition is barred by § 2244(d)'s limitation period. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

The respondent's motion to dismiss, dkt. [11], is **granted**. Mr. Baltimore's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed**, and a certificate of appealability shall not issue.

Final judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 4/23/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LAVERN BALTIMORE
170093
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Caroline Templeton
INDIANA ATTORNEY GENERAL
caroline.templeton@atg.in.gov